Arnold B. Calmann
Dennis E. Kadian
**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

G. Franklin Rothwell
Carla C. Calcagno
Anne M. Sterba
**ROTHWELL, FIGG, ERNST & MANBECK PC**
1425 K Street N.W., Suite 800
Washington, DC  20005
Telephone:  (202) 783-6040

Attorneys for Plaintiffs
Ferrero S.p.A. and Ferrero U.S.A., Inc.

| | |
|---|---|
| FERRERO S.p.A. and FERRERO U.S.A., INC., | :   UNITED STATES DISTRICT COURT |
| | :   FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | :   CIVIL ACTION NO.: |
| | : |
| v. | :   **COMPLAINT FOR TRADEMARK** |
| | :   **INFRINGEMENT, UNFAIR** |
| NUTREXPA S.A., | :   <u>**COMPETITION, AND DILUTION**</u> |
| | : |
| Defendant. | :             **and** |
| | : |
| | :   <u>**DEMAND FOR TRIAL BY JURY**</u> |
| | : |

Plaintiffs, Ferrero S.p.A. and Ferrero U.S.A., Inc. (collectively referred to as "Plaintiffs" or "Ferrero") allege as follows:

### Nature of Action

1.      This action arises out of Defendant's deliberate, unauthorized use of Plaintiffs' famous TIC TAC trade dress as trade dress for its own breath mint.  As alleged in greater detail below, Plaintiffs seek damages and injunctive relief against Defendant for its willful and unlawful activities.

{00404435.DOC}

## Parties

2.      Ferrero S.p.A, one of the world's most well-known and respected manufacturers of high quality breath mints, candies, and confections, is an Italian corporation having its place of business at Piazzale Pietro Ferrero 1, Alba (Cuneo), Italy  12051.  Ferrero S.p.A. manufactures and sells a broad spectrum of candies, chocolates and confections, ranging from its ROCHER hazelnut chocolates to its NUTELLA chocolate spread.  Ferrero is widely recognized as a world leader in producing high quality, wholesome confections to a broad section of the public.

3.      Plaintiff, Ferrero U.S.A., Inc. is a corporation duly organized and existing under the laws of Delaware and has a place of business at 600 Cottontail Lane, Somerset, New Jersey 08873.  Ferrero U.S.A., Inc. exclusively distributes Ferrero S.p.A's product line in the United States.

4.      Upon information and belief, Defendant, Nutrexpa S.A. ("Nutrexpa"), is a Spanish corporation, having a place of business at Lepanto 410-414, Barcelona, Spain  08025.

## Venue and Jurisdiction

5.      This is an action for federal trademark infringement, unfair competition, dilution under the Trademark Act of 1946, as amended, Title 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), and for trademark infringement, unfair competition and dilution under the laws of the State of New Jersey.

6.      This Court has subject matter jurisdiction of this action under the trademark laws of the United States, 15 U.S.C. § 1121, and under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1338(b).

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (d) because, upon information and belief, Defendant is a foreign corporation, and because a substantial part of the events giving rise to the claim occurred in this District.

**Ferrero's Marks**

8.     Plaintiff, Ferrero S.p.A., through its related company Ferrero U.S.A., Inc. sells a wide range of candies, chocolates and confections in the United States and throughout the world. Among the products Ferrero offers are TIC TAC breath mints.

9.     Ferrero began selling its TIC TAC breath mints in the now famous TIC TAC trade dress in the United States at least as early as 1972. Representative pictures of this trade dress are attached as **Exhibits 1 and 2** (hereinafter "TIC TAC package trade dress" and "TIC TAC product trade dress" respectively, collectively referred to as "TIC TAC trade dress"). Since that time, Ferrero has prominently, extensively and continuously used, advertised and promoted its TIC TAC trade dress throughout the United States and the world.

10.     The TIC TAC trade dress has distinctiveness. The trade dress serves to identify the source of Ferrero's goods to the public and to distinguish Ferrero's goods from those of others.

11.     Since its introduction, Ferrero has generated billions of units in worldwide sales of products bearing the TIC TAC trade dress. Sales in the United States alone exceed tens of millions of units per year.

12.     Ferrero has invested considerable effort and more than hundreds of millions of dollars worldwide in direct advertising and promotion of its TIC TAC trade dress. Advertising and promotion for the TIC TAC mark has appeared in television and radio commercials, the internet, billboard advertisements, and in print advertising in newspapers, magazines including

such magazines as *Better Homes & Gardens, Good Housekeeping, Ladies Home Journal, McCall's, Redbook, Woman's Day* and *Family Circle.*

13.    The TIC TAC trade dress also has received substantial free publicity by being mentioned in numerous publications, movies and television shows.

14.    As a result of its extensive worldwide sales and marketing efforts, and advertising, promotion and use of the TIC TAC trade dress, Ferrero has developed enormous recognition for its products offered under its TIC TAC trade dress.

15.    Ferrero's TIC TAC trade dress is well known and widely recognized by consumers in the U.S. and worldwide and has acquired and now enjoys an immensely valuable reputation and tremendous goodwill in the mark.  Ferrero's TIC TAC trade dress is world-renowned and is a famous mark for purposes of 15 U.S.C. § 1125(c)(1).

16.    Ferrero's TIC TAC package trade dress depicting elements of Ferrero's product trade dress is registered on the Principal Register of the United States Patent and Trademark Office.

17.    Copies of Ferrero's Federal U.S. Registration Nos. 1,102,282 and 1,390,123 are appended as **Exhibits 3 and 4** to this Complaint.  These registrations are presently owned by Ferrero S.p.A., were duly and legally issued, are valid and subsisting, and Registration Nos. 1,102,282  and 1,390,123 are incontestable.

18.    Pursuant to the Lanham Act, Ferrero's incontestable registrations for the TIC TAC trade dress constitute conclusive evidence of: (a) the validity of the depicted TIC TAC trade dress and of the registrations for the marks; (b) Ferrero's ownership of the marks; and (c) Ferrero's exclusive right to use the marks in commerce on or in connection with the goods specified in the registrations.  15 U.S.C. §§ 1057(b) and 1115(a).

**Defendant's Infringing and Diluting Activities**

19.     Upon information and belief, Nutrexpa S.A. ("Defendant" or "Nutrexpa") is a manufacturer and exporter of a variety of products, including HIT Mints.  Copies of the packaging for these mints and the individual mints as currently sold in the United States are attached as **Exhibits 5 and 6**.

20.     Upon information and belief, Defendant is the successor-in-interest to Dulces Unzue, S.A.

21.     In 1979, Ferrero first learned that Dulces Unzue, S.A. ("Dulces Unzue") was importing HIT Mints bearing the infringing trade dress into the United States.  A photo of these products as, on information and belief, then distributed in U.S. commerce is attached as **Exhibit 7**.  Dulces Unzue's importer was Richter Bros. Inc., aka A & A Food Products of Carlstadt, New Jersey ("Richter Bros.").

22.     In response to a cease and desist letter sent by Ferrero, in 1979, Richter Bros. represented that it had ceased all distribution and importation of the product into the United States.

23.     Despite this representation, on March 18, 1983, Dulces Unzue filed an application to register the mark HIT MINT with the United States Patent and Trademark Office representing that the product with the infringing trade dress again was in use in commerce.  A photo of Dulce Unzue's 1983 product as, on information and belief, then distributed in U.S. commerce is attached as **Exhibit 8.**

24.     On May 11, 1984 and November 27, 1984, Ferrero's U.S. counsel sent Dulce Unzue a cease and desist demand and a Notice letter.  Copies of this demand and Notice letter are attached as **Exhibits 9 and 10**.

25.     On or about August 14, 2005, Ferrero learned that Defendant's HIT Mints again bearing infringing trade dress as depicted in **Exhibits 5 and 6,** were again being distributed in the United States.

26.     Additionally, upon information and belief, Defendant has begun manufacturing products bearing the infringing trade dress for private label sale by third parties in the United States. **Exhibits 11 and 12.**

27.     On information and belief, Defendant either manufactured for, imported or distributed, or authorized, or knowingly permitted the manufacture for import or distribution into the United States of the products depicted in **Exhibits 5, 6, 9, 11 and 12**.

28.     Defendant had constructive knowledge of Ferrero's ownership and registration of Ferrero's TIC TAC trade dress mark, Reg. Nos. 1,102,282 and 1, 390, 123, before the infringing trade dress was imported into the United States. 15 U.S.C. §1072.

29.     On information and belief, Defendant had actual knowledge of Ferrero's TIC TAC trade dress before it adopted and first used the infringing trade dress in the United States.

30.     On information and belief, Defendant had actual knowledge of the fame and goodwill of Ferrero's TIC TAC trade dress before selecting the infringing trade dress for importation into the United States.

31.     On information and belief, Defendant began importing its HIT Mints and manufacturing the private label brands bearing the infringing trade dress in a deliberate attempt to benefit from, and to take advantage of, the fame and nationwide recognition of Ferrero's TIC TAC trade dress and its wholesome image.

32.     Plaintiffs have no control over the products of Defendant or the image that the infringing products will create.

{00404435.DOC}                                        6

33.     Defendant's unauthorized use of the TIC TAC trade dress will likely confuse or deceive consumers as to source, sponsorship or approval of Defendant's products.  Consumers are likely to erroneously believe that Ferrero sponsors or is somehow affiliated with Defendant.

34.     Defendant's use of the TIC TAC trade dress will and does dilute and tarnish the reputation and image of Ferrero's famous TIC TAC trade dress and product.

35.     Unless this Court restrains the Defendant's acts complained above herein, Defendant will continue to cause irreparable injury to Ferrero and to the public, for which there is no adequate remedy at law.

### COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT

36.     Plaintiffs repeat paragraphs 1 through 35 as fully set forth.

37.     Plaintiffs own and have registered the TIC TAC trade dress on the Principal Register of the United States Patent and Trademark Office as described in paragraph 16.

38.     By virtue of their registration with the United States Patent and Trademark Office, Plaintiffs' marks are entitled to protection under the Trademark Act, 15 U.S.C. §§1051, *et seq.*

39.     As described above, Defendant has designed or knowingly engaged in a scheme that misleads consumers into believing that Plaintiffs sponsor, promote or authorize Defendant's products.

40.     Plaintiffs have never authorized Defendant to use the Plaintiffs' TIC TAC trade dress in any way.  The acts of Defendant, including, *inter alia*, Defendant's unauthorized uses of Plaintiffs' TIC TAC trade dress, constitute willful infringement, contributory infringement and/or vicarious infringement of Plaintiffs' registered TIC TAC trade dress marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

## COUNT TWO – FEDERAL UNFAIR COMPETITION

41.    Plaintiffs repeat paragraphs 1 through 40 as if fully set forth.

42.    The acts of Defendant constitute misappropriation, use of a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    Upon information and belief, Defendant has acted with the intention of causing confusion, mistake and deception, and of misappropriating the goodwill associated with Plaintiffs' TIC TAC trade dress and to profit thereby to the detriment of Plaintiffs.

44.    By reason of Defendant's unfair competition or inducement of others to compete unfairly, or continued unauthorized use of Plaintiffs' marks in a manner which they know competes unfairly with Plaintiffs, Plaintiffs are suffering and will continue to suffer irreparable harm, and unless Defendant is enjoined from continuing these wrongful acts, the damage to Plaintiffs will increase.

45.    In addition to an injunction, Plaintiffs are also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

## COUNT THREE – FEDERAL TRADEMARK DILUTION

46.    Plaintiffs repeat paragraphs 1 through 45 as if fully set forth.

47.    Plaintiffs' TIC TAC trade dress are famous marks that have acquired fame in the United States before Defendant's infringing activities commenced.

48.    Defendant's unauthorized commercial use of Plaintiffs' TIC TAC trade dress marks tends to, and does, dilute, tarnish and blur the distinctive quality of the Plaintiffs' marks,

and is diminishing the capacity of those marks to identify and distinguish Plaintiffs' services, in violation of 15 U.S.C. § 1125(c).

49.     By reason of the acts of Defendant, Plaintiffs are suffering and will continue to suffer irreparable harm, and unless Defendant is enjoined from continuing their wrongful acts, the damage to Plaintiffs will increase.

50.     Defendant willfully intended to trade on the reputation of Plaintiffs, or to cause dilution of Plaintiffs' famous marks.  In addition to an injunction, in light of the intentional nature of Defendant's actions, Plaintiffs are also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

## COUNT FOUR – TRADE DRESS INFRINGEMENT
## UNDER N.J. STAT. § 56.3-13.16

51.     Plaintiffs repeat paragraphs 1 through 50 as if fully set forth.

52.     This count arises under N.J. Stat. § 56.3-13.16 for infringement of Ferrerro's trade dress.

53.     As set forth in paragraphs 1 through 40 above, upon information and belief, Defendant has used, without Plaintiffs' consent, its infringing trade dress in this State which is likely to cause consumer confusion.

54.     Upon information and belief, Defendant's actions as described above are in violation of N.J. Stat. § 56.3-13.16, as Defendant has infringed Plaintiffs' trade dress  and is continuing to infringe Plaintiffs' trade dress for its own use, as well as the reputation and good will of Plaintiffs associated with the aforesaid trade dress.

{00404435.DOC}                                    9

55.     Pursuant to N.J. Stat. § 56.3-13.16, Defendant is liable to Plaintiff for damages in an amount yet to be ascertained and an injunction against its foresaid actions.  Such damage may be trebled in the discretion of this Court.

## COUNT FIVE -- TRADE DRESS DILUTION
## UNDER N.J. STAT. § 56.3-13.20

56.     Plaintiffs repeat paragraphs 1 through 56 as if fully set forth.

57.     This count arises under N.J. Stat. § 56.3-13.20 for dilution of Ferrerro's famous trade dress.

58.     As set forth in paragraphs 1 through 40 above, upon information and belief, Defendant has used its trade dress in this State after Plaintiffs' trade dress acquired its fame, which, upon information and belief, has caused, and will continue to cause dilution of the distinctive and non-functional qualities of Plaintiff's trade dress in violation of N.J. Stat. § 56.3-13.20.

59.     Upon information and belief, Defendant's actions as described above are in violation of N.J. Stat. § 56.3-13.20, as Defendant willfully intended to trade on Plaintiffs' reputation and/or intended to cause dilution of Plaintiff's trade dress.

60.     Pursuant to N.J. Stat. § 56.3-13.20, Defendant is liable to Plaintiff for damages in an amount yet to be ascertained and an injunction against its foresaid actions.  Such damage may be trebled in the discretion of this Court.

## COUNT FIVE – COMMON LAW UNFAIR COMPETITION

61.     Plaintiffs repeat paragraphs 1 through 60 as if fully set forth.

62.     This count arises under the common law of unfair competition of the State of New Jersey.

63.     The actions described above constitute unfair competition and an infringement of Plaintiffs' common law trade dress rights  as such actions will be likely to mislead consumers into purchasing Defendant's products under the impression that they are purchasing products produced by Plaintiffs.

64.     Upon information and belief, such unfair competition and trade dress infringement has caused and will continue to cause Ferrero substantial injury, loss and damage, to an extent not yet ascertained.

65.     Plaintiffs have no adequate remedy at law, and unless Defendant is immediately and permanently enjoined from engaging in such unlawful conduct, Plaintiffs' will suffer irreparable harm and injury, as well as financial damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment that:

1.     Nutrexpa S.A., its officers, directors, agents, servants, employees, attorneys, successors and assigns, and all persons acting for or in active concert or participation with them, be preliminarily and permanently enjoined from:

a)     Using or registering a trade dress consisting of Ferrero's TIC TAC trade dress, or any trade dress confusingly similar to Ferrero's TIC TAC trade dress in connection with any candies or confections;

b)     Representing directly or indirectly, in any form or manner whatsoever, that any products or services offered for distribution or sale by Defendant is related to, affiliated with, approved by or sponsored by Ferrero;

{00404435.DOC}                                           11

c)      Passing off, inducing, or enabling others to offer or pass off any products or services, not offered or rendered by Ferrero, as being products or services sponsored by, approved by or somehow affiliated with Ferrero;

d)      Committing any other acts calculated to cause consumers to believe that the products and services of or business of Defendant is that of Ferrero or is somehow related to Ferrero, and from otherwise competing unfairly with Ferrero in any manner; and

e)      Committing any other acts that will tarnish, blur, or dilute the distinctive quality of the famous TIC TAC trade dress marks of Ferrero.

2.     Defendant its officers, directors, agents, servants, employees, attorneys, successors and assigns, and all persons acting for or in active concert or participation with them, be required to deliver up for destruction any and all products, literature, forms, promotional materials, prints, advertising matter, circulars, stationery, labels, tags, wrappers, packaging, plates, stencils, signs and other materials used in the preparation thereof, bearing the infringing trade dress or any trade dress confusingly similar thereto.

3.     Ferrero recover the profits of Defendant, any damages sustained by Ferrero, and the costs of this action, including prejudgment and post-judgment interest.

4.     Ferrero be awarded a judgment for three times the profits of Defendant or Ferrero's damages, whichever is greater, together with reasonable attorneys' fees in accordance with 15 U.S.C. § 1117(b) .

5.     Defendant be ordered to file with this Court and to serve upon Ferrero within thirty (30) days after entry of an injunction (either preliminary or permanent), a report in writing and under oath, setting forth in detail the manner in which Defendant has complied with said judgment.

6.     The Court grant Ferrero such other and further relief as the interests of justice

may require.

                              **SAIBER SCHLESINGER SATZ**
                                  **& GOLDSTEIN, LLC**
                              Attorneys for Plaintiffs
                              Ferrero S.p.A. and Ferrero U.S.A., Inc.

                              By: _____
                                  Arnold B. Calmann
                                  Dennis E. Kadian
                                  One Gateway Center, 13th Floor
                                  Newark, New Jersey  07102
                                  973-622-3333

                              G. Franklin Rothwell
                              Carla C. Calcagno
                              Anne M. Sterba
                              ROTHWELL, FIGG, ERNST &
                              MANBECK PC
                              1425 K Street N.W., Suite 800
                              Washington, DC  20005
Dated:  September 1, 2005     Telephone:  (202) 783-6040

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

In accordance with Local Civil Rule 11.2, I certify that the within matter is not the subject of any pending or contemplated court, arbitration or administrative proceeding, and that there are no other parties who ought to be joined in this action.

SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC

By: _____
Arnold B. Calmann
Dennis E. Kadian
One Gateway Center, 13th Floor
Newark, New Jersey  07102
973-622-3333

## CERTIFICATION OF NON-ARBITRATILITY AND NON-MEDIATION

In accordance with Local Civil Rule 201.1(d)(1), I certify that the within matter is not subject to compulsory arbitration or to mediation because this action seeks injunctive relief.

SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC

By: _____
Arnold B. Calmann
Dennis E. Kadian
One Gateway Center, 13th Floor
Newark, New Jersey  07102
973-622-3333

Dated:  September 1, 2005

{00404435.DOC}                                14