UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------

FERRERO S.p.A. and FERRERO USA, INC.,    :    Civil Action No.:

               Plaintiffs,    :    05-CV-04350-MLC-JJH

                                  :

                                  :

NUTREXPA, S.A.                     :

               Defendant.    :

-------------------------------------------------------------

CONSENT JUDGMENT

WHEREAS, Plaintiffs, Ferrero S.p.A. and Ferrero U.S.A., Inc. (hereinafter collectively or individually referred to as "Ferrero"), filed a Complaint on September 1, 2005 against Defendant, Nutrexpa, S.A., (hereinafter referred to as "Nutrexpa") asserting, *inter alia*, trademark and trade dress infringement, unfair competition, and dilution, based on their rights in: (a) U.S. Registration Nos. 1,102,282 and 1,390,123; (b) the trade dress of the TIC TAC product container, exemplars of which are depicted in Exhibit 1 hereto, including but not limited to a transparent rectangular box through which confectionary pills are visible and on which is placed an overlabel spanning the top of the box ("TIC TAC Product Container"); and (c) the overall appearance of the TIC TAC product, consisting of an ovoid, rounded, smooth confectionary pill, exemplars of which are depicted in Exhibit 2 hereto ("TIC TAC Product") (hereinafter collectively referred to as the "TIC TAC Marks");

WHEREAS, Ferrero asserts the foregoing claims based on Nutrexpa's sale of confectionary products under the trademark HIT, as well as under private labels, bearing a product package trade dress that consists of, *inter alia*, a transparent rectangular box through which confectionary pills are visible and on which is placed an overlabel spanning the top of the

1

box, exemplars of which are depicted in Exhibit 3 hereto ("Nutrexpa Package"), and such pills having the overall appearance of an ovoid, rounded, smooth pill, exemplars of which are depicted in Exhibit 4 hereto ("Nutrexpa Pill").

WHEREAS, Nutrexpa has filed an Answer, Affirmative Defenses and Counterclaims for Declaratory Judgment of invalidity of Ferrero's TIC TAC Marks pursuant to 28 U.S.C. §§2201 and 2202 as well as for cancellation of Ferrero's U.S. Registration Nos. 1,102,282 and 1,390,123 pursuant to 15 U.S.C. §1119; and

WHEREAS, Nutrexpa has not acknowledged or conceded any liability or wrongdoing and has represented that it has entered into this Consent Judgment for the purpose of seeking an amicable resolution of the dispute, avoiding the inconvenience of litigation and for other commercial and economic reasons and the parties have settled the issues among themselves and consented to the entry of the order herein, this Court hereby enters the following ORDER:

(1)     This Court has subject matter jurisdiction over this matter and has personal jurisdiction over the parties.

(2)     Except as otherwise noted in Paragraph 3 below, it is agreed that Nutrexpa (including its owners, officers, directors, assignees, successors, transferees, employees, agents, representatives and distributors and all other persons, firms, or entities acting under its control or otherwise acting in concert or participation with it) shall not in the United States directly or indirectly, make any use of, or authorize or assist any third party to make any use (including but not limited to displaying, distributing, advertising, promoting, manufacturing, packaging, selling or offering to sell, importing, exporting or otherwise acquiring or applying to register as a trademark, service mark, trade dress, corporate name, trade name, domain name or otherwise), irrespective of whether Nutrexpa's own brand or a private label brand of others is utilized, of:

(a)     mints or other confectionery products in the shape of the Nutrexpa Pill which are the subject of the claims in the Complaint displayed in Exhibits 5, 6, 8, 11 and 12 to the Complaint and Exhibit 4 hereto;

(b)     mints or other confectionery products in a shape which is confusingly similar to the overall appearance of the TIC TAC Product displayed in Exhibit 2 of the Complaint and Exhibit 2 hereto;

(c)     mints or other confectionery products in container and labeling packaging having the appearance of the Nutrexpa Package which is the subject of the claims in the Complaint displayed in Exhibits 5, 7, 8, 11 and/or 12 of the Complaint and/or displayed in Exhibit 3 hereto; and

(d)     mints or other confectionery products in container and labeling packaging which is confusingly similar to the trade dress of the TIC TAC Product Container displayed in Exhibit 1 of the Complaint and in Exhibit 1 hereto.

None of the foregoing provisions shall be construed as a prohibition on the advertising, promotion or use of Nutrexpa's trademarks or names HIT or HIT MINTS or the private label trademarks or names AMERICAN VALUE, GLICK or G.

(3)     Notwithstanding the provisions of Paragraph 2 above, it is agreed that Nutrexpa will be permitted to accept new purchase orders for, manufacture, market, distribute and sell in the United States, its territories and possessions mints in the shape referred to in Paragraph 2(a) above and in container and labeling packaging referred to in Paragraph 2(c) above up to December 1, 2007 provided that said products are shipped to the United States no later than December 1, 2007.

(4)     Nutrexpa's distributors, customers, retailers and any other downstream recipients who have purchased or received or who purchase or receive mints and/or container and labeling packaging which are in violation of Paragraph 2(a) and Paragraph 2(c) of this Consent Judgment shall be permitted to market, distribute and sell in the United States, its territories and possessions such mints and packaging for an indefinite period of time provided that they have been or are shipped by Nutrexpa to the United States, its territories or possessions no later than December 1, 2007.

(5)     Nutrexpa has agreed that any manufacture, advertising, promotion, marketing, distribution or sale by Nutrexpa at any time in the United States, its territories and possession of mints or other confectionery products either under its own trademarks or the private label trademarks of others shall be in the shape and appearance displayed in Exhibit 5 hereto and in container and labeling packaging in the appearance displayed in Exhibit 6 hereto or shall have an appearance that is even further removed from the TIC TAC Marks than the shape and appearance of the mints or other confectionery products displayed in Exhibit 5 hereto and the appearance of the container and labeling packaging depicted in Exhibit 6 hereto, and the parties agree that the mints or other confectionery products and container and labeling packaging depicted in Exhibit 5 and 6 hereto, respectively, shall not be deemed to be a violation of any of the terms of Paragraph 2 of this Consent Judgment or of any other terms of this Consent Judgment and shall be permitted.  This term shall be applicable irrespective of whether or not there is any cessation by Nutrexpa for any period of time in the marketing of mint or other confectionery products in the United States, its territories or possessions.  The depictions set forth in Exhibits 5 and 6 hereto shall not be construed as reflecting any limitation on the possible

4

colors or color-combinations which may constitute permissible product or container and labeling packaging pursuant to this paragraph as long as the container packaging remains opaque.

(6)     It is further agreed that Nutrexpa shall be permitted and authorized to engage in the manufacture, advertising, promotion, marketing, distribution or sale at any time in the United States, its territories and possessions of private label mint products bearing the same labeling graphics referred to in Exhibits 11 and 12 of the Complaint and in Exhibit 7 hereto provided that the changes in the shape and appearance of the mints or other confectionery products and changes to the appearance of the container and labeling packaging referred to in Paragraph 5 of this Consent Judgment and Exhibits 5 and 6 hereto, respectively, are utilized.  This term shall be applicable irrespective of whether or not there is any cessation by Nutrexpa for any period of time in the marketing of private label mints or other confectionery products in the United States, its territories or possessions.

(7)     Nutrexpa agrees that it will not challenge or cooperate with others in challenging in the United States, its territories and possessions, Ferrero's claims of trade dress rights in or to the TIC TAC Marks asserted in Paragraph 9 of the Complaint including U.S. Registration Nos. 1,102,282 and 1,390,123, except as a defense to a legal action (other than an action initiated by Ferrero to enforce this Order) initiated against it by Ferrero based on the trade dress rights asserted in the Complaint.

(8)     Each party releases the other, their respective suppliers, contractors, officers, agents, servants, employees and attorneys and all persons in active concert or participation with them as well as any distributors, customers, retailers or downstream recipients from any claims, including any claims for damages or monetary relief, arising from or relating to Nutrexpa's past manufacture, advertising, promotion, distribution or sale of mints or container and labeling

packaging which are the subject of the claims in the Complaint either under Nutrexpa's own brand or the private label brands of others or any other past conduct which is the subject matter of the claims set forth in the Complaint or in the Answer, Affirmative Defenses and Counterclaims as well as any future conduct permitted under the terms of this Consent Judgment.

(9)     Subject to the terms of this Order, all claims as set forth in the Complaint of Ferrero and all claims as set forth in the Counterclaims of Nutrexpa are hereby dismissed with prejudice.

(10)    No appeals shall be taken from this Order, and the parties waive all rights to appeal, except that the parties reserve the right to appeal any decision rendered in connection with a Motion brought by a party against the other for violation or contempt of this Order.  This Court expressly retains jurisdiction over this matter to enforce any alleged violation of the terms of this Order, by either party.

(11)    Each party shall bear its own attorneys' fees and costs.

(12)    Neither party shall issue a press release or advertisement concerning the existence of this civil action or the terms of this Consent Judgment, but nothing herein shall be construed as prohibiting Ferrero from using the Consent Judgment in connection with its enforcement efforts in the marketplace of the United States, its territories and possessions relating to the TIC TAC Marks, including without limitation advising third parties whom Ferrero suspects are infringing the TIC TAC Marks in the United States, its territories and possessions of the existence and content of the Consent Judgment.

(13)    Neither party shall use this Order for any purpose outside of the United States except that Ferrero may use this Order in connection with judicial/administrative proceedings not

involving Nutrexpa or Nutrexpa's products.  Neither party shall use this Order in any unlawful

manner in any country of the world.

     (14)    Without limiting the application to persons or entities as referred to in other terms

of this Consent Judgment, the terms of this Consent Agreement shall be binding upon and inure

to the benefit of the parties and their successors and assigns as well as related affiliate companies

under the same or shared control including but not limited in the case of Nutrexpa to Dulsa S.A.

     (15)    The geographic scope of paragraphs 1-12 of this Agreement shall not extend

beyond the United States, its territories and possessions.


**AGREED AS TO FORM:**


Dated:   **9 - 1 2 -**  , 2007       MCELROY, DEUTSCH, MULVANEY &
                                      CARPENTER, LLP

                               By:                                  
                                     Frank Holahan, Esq.
                                     40 West Ridgewood Avenue
                                     Ridgewood, NJ 07450
                                     (201) 445-6722

HOGAN & HARTSON L.L.P.
Raymond A. Kurz
Celine Jimenez Crowson
555 Thirteenth Street, S.A.
Washington, D.C. 20004
Tel.:  202-637-5600
Fax:  202-637-5910

Attorneys for Ferrero S.p.A. and Ferrero U.S.A., Inc.


Dated:              , 2007        DAY PITNEY HARDON LLP

By: _____

Richard H. Brown
Steven A. Muhlstock
200 Campus Drive
Florham Park, New Jersey 07932
rbrown@pitneyhardin.com


OSTROLENK, FABER, GERB & SOFFEN, LLP
Charles P. LaPolla
Douglas A. Miro
Art C. Cody
1180 Avenue of the Americas
New York, NY 10036
clapolla@ostrolenk.com


**CONSENTED TO AND AGREED TO:**

FERRERO S.p.A.

By: _____

Name: DANIELE LINGUA - MASSIMO GAIDANO

Title: PROXY HOLDERS

Date: July 23, 2007


NUTREXPA, S.A.

By: _____

Name: ANTONIO MARTIN YANEZ

Title: GENERAL MANAGER

Date: August 29, 2007


FERRERO U.S.A., INC.

By: _____

Name: BERNARD KREILMANN

Title: CEO

Date: 07/30/2007


**IT IS SO ORDERED:**

Dated: Sept. 13 , 2007


_____
HON. MARY J. COOPER
U.S. District Court Judge

# EXHIBIT 1







# EXHIBIT 2







# EXHIBIT 3













# EXHIBIT 4





# EXHIBIT 5

## (PHOTOGRAPHS DEPICTING THE FRONT, BACK, AND SIDE VIEWS OF THE CONFECTIONARY PRODUCT)







# EXHIBIT 6

## (PHOTOGRAPHS DEPICTING THE FRONT, BACK, TOP, BOTTOM, AND BOTH SIDES OF THE CONTAINER AND LABELING PACKAGING)



INGREDIENTS: SUGAR, CORN SYRUP, ARTIFICIAL
FLAVORING, CARNAUBA WAX, TITANIUM DIOXIDE.

NUTREXPA, S.A.
Lepanto, 410-414, 08025 - Barcelona - MADE IN SPAIN
Keep in a cool dry place

NUTRITION FACTS: Serving Size 1 Mint
(0.35g), Servings: 76-4m per Per Serving
Calories _ Total Fat 0g : 0% Trans fat
0g Sodium 0mg 0% DV Total Carb. 0g
0% DV Sugar 0g Protein 0g Percent Daily
Values (DV) are based on a 2,000 calorie diet

0  4  2  154  3361  0









# EXHIBIT 7

